UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNITA FORCE,

        Plaintiff,                    Case No.  03-71618

v.                                   District Judge Nancy G. Edmunds
                                          Magistrate Judge R. Steven Whalen

AMERITECH CORPORATION, Inc.,
a Delaware corporation,

        Defendant.
_____/

**REPORT AND RECOMMENDATION RE: ATTORNEY FEES**

Plaintiff Arnita Force brought this action pursuant to Section 502 of the Employees Retirement Income Security Act (ERISA), 29 U.S.C. §1132(a)(1)(B), alleging wrongful termination of Long Term Disability (LTD) benefits. On September 5, 2006, the undersigned filed a Report and Recommendation (R&R) that Plaintiff's motion for judgment on the administrative record be granted, and that the case be remanded for an award of benefits retroactive to the date they were terminated. On September 19, 2006, the district court accepted the R&R and entered judgment in favor of the Plaintiff.

Before the Court at this time is Plaintiff's Motion for Attorney's Fees, Costs, and Pre-Judgment Interest [Docket #40], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Plaintiff's Motion be GRANTED.

**I.    PROCEDURAL HISTORY**

Plaintiff was employed by Defendant since September of 1978, last actively working in July of 1994 as a manager in the Publishing Graphics Center. On July 4, 1994, she was

-1-

involved in a car accident, and applied for short term disability benefits, which she received for 52 weeks, from August 1994 through August 1995 (AR 217).[1] After this one-year period, Plaintiff applied for and received Long Term Disability (LTD) benefits from August 1995 through May 1998 (AR 1-3).

On March 24, 1998, Defendant informed Plaintiff that it was terminating LTD benefits (AR 8). Plaintiff administratively appealed this decision, and a final denial letter was issued on October 21, 1998 (AR 1). Plaintiff filed a Complaint in this Court, and while the case was pending, the parties stipulated to a remand to reevaluate Plaintiff's entitlement to LTD benefits based on additional material. Following this reevaluation, the Defendant again issued a final denial letter on November 8, 2004, and Plaintiff re-instituted the present case.

On September 25, 2006, the undersigned filed a R&R finding that Defendant's decision to LTD benefits was arbitrary and capricious, and recommending that benefits be reinstated, retroactive to the date they were terminated. The following factors supported that finding:

1. Because the employer both decided eligibility for LTD benefits and paid those benefits, it was operating under an apparent conflict of interest. Such conflict of interest is a relevant factor in considering whether the denial of benefits was arbitrary and capricious. *Glenn v. MetLife and Long Term Disability Plan for Associates of Sears, Roebuck and Company*, 461 F.3d 660 (6th Cir. 2006), *citing Firestone Tire & Rubber Co. V. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) ("[I]f a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must

---

[1] "AR" refers to the Administrative Record, filed as Exhibit A to Defendant's Motion for Entry of Judgment.

be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'") (internal citation omitted).

2. In terminating benefits, the Defendant gave no weight to or even considered the fact that the Plaintiff was granted Social Security Disability benefits. It was Defendant who had urged the Plaintiff to apply for such benefits, and even referred her to a law firm to assist her in doing so. When Plaintiff received Social Security Disability benefits, she then reimbursed the Defendant $26,396.37. *See Glenn v. Met Life, supra*; *Calvert v. Firstar Finance, Inc.*, 409 F.3d 286, 294 (6th Cir. 2005); *Darland v. Fortis Benefits Ins. Co.*, 317 F.3d 516, 530 (6th Cir. 2003).

3. The Defendant relied on selective portions of the medical records that seemed to support its decision, taking those portions out of context while ignoring more substantial records that clearly supported a finding of disability.

4. The Defendant placed undue weight on non-physician opinions, disregarding clinical findings of Plaintiff's treating doctors. In fact, the Administrative Record contains no *physicians*' opinions that contradict the conclusion of the Plaintiff's treating physician that she suffers from disabling pain.

The R&R summarized and concluded as follows:

"The Defendant's decision to deny benefits to this long-term employee is highly suspect. As discussed above, Ameritech was operating under a conflict of interest because it both determined eligibility and paid the benefits. Its claim that the Plaintiff is not disabled is inconsistent with its previous acceptance of the SSA's disability finding, a finding that was rendered only after the Defendant encouraged Plaintiff to apply for Social Security Disability benefits, and provided her with a lawyer to help her obtain those benefits. Against that backdrop, the Defendant ignored or distorted medical findings of doctors that showed disability in favor of its own non-physician 'experts' who concluded, based on a selective reading of the record, that Plaintiff was capable of sedentary work. Taking all of these factors into consideration, I conclude, as did the Sixth Circuit in *Glenn*, *supra*, that the Defendant's decision to deny benefits was arbitrary and capricious."

On September 19, 2006, the district court adopted this R&R and entered judgment in favor of the Plaintiff.

Plaintiff now requests attorney fees in the amount of $14,916.00 and costs in the amount of $320.00, along with pre-judgment interest from October 21, 1998 through September 19, 2006.

## II. ATTORNEY FEES

### A. Entitlement to Fees

Under 29 U.S.C. §1132(g)(1), a district court is given broad discretion in awarding attorney fees in an ERISA action. *Secretary of Department of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985); *Hoover v. Provident Life and Accident Insurance Company*, 290 F.3d 801, 809 (6th Cir. 2002). In exercising its discretion, the court is to consider five factors: "1) the degree of the opposing party's culpability or bad faith; 2) the opposing party's ability to satisfy an award of attorney's fees; 3) the deterrent effect of an award on other persons under similar circumstances; 4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and 5) the relative merits of the parties' positions." *Id.*; *King*, 775 F.2d at 669. It is not necessary that all five factors be met to justify granting attorney fees. *See Hoover, supra* (Plaintiff satisfied four out of five factors).

The application of these five factors to the present case strongly supports an award of attorney fees.

(1) Defendant's Culpability

In opposing an award of attorney fees, Defendant argues that its decision to terminate Plaintiff's LTD benefits was not made in "bad faith." It is not necessary, however, to cast the Defendant's decision in precisely those terms. Rather, the Sixth Circuit frames this factor

in the disjunctive: "the degree of the opposing party's culpability *or* bad faith." *King*, 775 F.2d at 669 (emphasis added). Regardless of whether the decision was made in "bad faith," it was, for the reasons set forth at length in the R&R, arbitrary and capricious. In *Hoover v. Provident Life, supra*, 290 F.3d at 810, the Sixth Circuit affirmed the district court's award of attorney fees, stating, "Although the court found no bad faith on the part of Provident, it concluded that Provident's culpability was high." *Hoover* noted further that "the [district] court found that Provident's culpability in this matter was high since its decision was arbitrary and capricious and based largely on the opinions of the doctors in its claim department." *Id.* at 809. In the present case, the Defendant relied on non-doctors, in addition to distorting the opinions and diagnoses of the Plaintiff's treating sources. Even more so than the situation in *Hoover*, the Defendant's decision was arbitrary and capricious, and its culpability high. This factor weighs heavily in favor of an award of attorney fees.

(2) Defendant's Ability to Pay

It is undisputed that Defendant Ameritech Corporation, Inc. easily has the capacity to pay Plaintiff's attorney's fees. This factor favors the Plaintiff.

(3) Deterrent Effect

The flimsy basis on which Defendant terminated LTD benefits in this case–a decision this Court found to be arbitrary and capricious–is troubling. An award of attorney fees "would provide a deterrent effect for [Ameritech] and other similarly situated defendants." *Hoover*, 290 F.3d at 809. This factor weighs in Plaintiff's favor.

(4) Common Benefit

As was found to be the case in *Hoover*, this case does not provide a "common benefit" to all plan participants or beneficiaries, nor does it involve particularly novel legal questions regarding ERISA. This factor does not help the Plaintiff.

(5) <u>The Relative Merits</u>

In *Hoover*, the Sixth Circuit affirmed the district court's application of this factor, stating, "Moreover, as we have previously discussed, the [district] court correctly held that the merits of the case favored Hoover." 290 F.3d at 810. In the present case, as discussed in the R&R, the Plaintiff's position had substantially more merit than the Defendant's. This factor supports the award of attorney fees.

Thus, four out of five of the *King* factors weigh heavily in favor of awarding attorney fees and costs to the Plaintiff, and I recommend that the Court do so.

### B. Amount of Attorney Fees

29 U.S.C. §1132(g)(1) authorizes a court in its discretion to award "a reasonable attorney's fee and costs of action." Although the statute does not set forth a methodology for calculating a reasonable fee, "there exists a substantial body of federal law on the matter, including Supreme Court precedent." *Ford v. Uniroyal Pension Plan*, 153 F.3d 613, 621 (6th Cir. 1998). Specifically, as the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987), the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

Plaintiff has submitted, as Exhibit 1 to her Motion, time sheets documenting the work done by her two attorneys, Jason Liss and J. Henry. Mr. Liss, the lead attorney, performed 39.8 hours of work at a requested rate of $260.00 per hour. Mr. Henry claims 28.55 hours

at $160.00 per hour.

This is a fact-intensive case with a lengthy administrative record. After the case was filed, it was remanded by stipulation of the parties, and subsequently reopened. A review of the time sheets reveals that the tasks performed were reasonably necessary, and the total attorneys hours expended (68.35) is also reasonable.

As to the hourly rate, Plaintiff has submitted, as Exhibit 4, the 2003 State Bar of Michigan's "Economics of Law Practice," which sets forth average hourly rates based on parameters such as number of years in practice, field of practice, and location of office. The rates in each category are further broken down by percentile, from the 25th to the 95th percentile. Given Mr. Liss's number of years in practice (13), demonstrated skill and quality of his work in this case, it would be fair to place him in the 75th percentile range. Based on his subordinate role, it would likewise be fair to place Mr. Henry at the median (50th percentile) range.

In 2003, an attorney with 13 years of experience, in the 75th percentile, rated $200 per hour, according to the chart. A plaintiff's litigation attorney rated $221 per hour. A 75th percentile attorney in Mr. Liss's area of Oakland County rated $225 per hour. The average for all attorneys in the 75th percentile in 2003 was $200. The average for all attorneys in the 50th percentile was $170 per hour.

This case was filed in 2003, so the State Bar survey from that year is a good benchmark. Based on the various parameters discussed above, Mr. Liss's requested rate of $260 per hour is a bit high. Averaging the rates based on location, years of experience and type of practice produces a rate of $215 per hour, which is higher than the average for all attorneys.

Mr. Henry's requested rate of $160 per hour is somewhat less than the average range

-7-

for all 50th percentile attorneys ($170), and appears to be reasonable.

Plaintiff requests cost in the amount of $320, but has submitted receipts totaling only $270.70 (Exhibit 2).

Therefore, I recommend that Plaintiff be awarded attorney fees and costs as follows:

| | |
|---|---|
| Attorney fees (Liss), 39.8 hours @ $215 | $8,557.00 |
| Attorney fees (Henry), 28.55 hours @ $160 | $4, 568.00 |
| Total attorney fees | $13,125.00 |
| Costs | $270.70 |

### III.   PREJUDGMENT INTEREST

In *Hoover v. Provident Life, supra*, 290 F.3d at 810, the Sixth Circuit held as follows regarding the award of prejudgment interest in an ERISA case:

> "'Although ERISA does not mandate the award of prejudgment interest to prevailing plan participants, [this court has] long recognized that the district court may do so at its discretion in accordance with general equitable principles.' *Ford [v. Uniroyal Pension Plan]*, 154 F.3d at 616 (citations omitted). An award of prejudgment interest serves to compensate the 'beneficiary for the lost interest value of money wrongfully withheld from him or her.' *Id* at 618."

Furthermore, in an action based on federal question jurisdiction, the award of prejudgment interest is addressed to the sound discretion of the trial court. *E.E.O.C. v. Wooster Brush Co. Employees Relief Assoc.*, 727 F.2d 566, 579 (6th Cir. 1984); *Bricklayers' Pension Trust Fund v. Taiariol*, 671 F.2d 988, 990 (6th Cir. 1982).  In *Stroh Container Corp. v. Delphi Industries, Inc.*, 783 F.2d 743, 752 (8th Cir. 1986), the court stated that "prejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable."

This Court held that the Plaintiff's LTD benefits were wrongfully terminated, and she was thus without the use or interest value of funds to which she was otherwise entitled.  In

accordance with general equitable principles, it would be an appropriate exercise of this Court's discretion to award her prejudgment interest dating from the time her benefits were terminated.[2]

The rate of prejudgment interest is also discretionary with the court. *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1071-72 (2nd Cir. 1995). The federal rate of interest formula set forth in 28 U.S.C. §1961(a) would be appropriate in this federal question case.[3] *Estate of Riddle ex.rel. Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005). By Plaintiff's calculation, applying that formula to the time period dating from the time benefits were terminated (October 21, 1998), the average rate of interest would be 3.54% per annum. This amount of prejudgment interest is reasonable.

## IV.  CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Attorney Fees, Costs and Pre-Judgment Interest [Docket #40] be GRANTED as follows:

1. That Plaintiff be awarded attorney fees in the amount of $13,125.00 and other costs in the amount of $270.70, for a total of **$13,395.70** in attorney fees and costs.

2. That Plaintiff be awarded prejudgment interest at the rate of 3.54% per annum, from October 21, 1998 through September 19, 2006.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of

---

[2] By federal statute, postjudgment interest is allowed on all money judgments, and should be awarded as a matter of course in this case. *See* 28 U.S.C. §1961; *Hoover v. Provident Life, supra.*

[3] §1961(a) provides that "interest shall be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          S/R.  Steven Whalen
                                          R.  STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Dated:  May 1, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 1, 2007.

                                          s/Gina Wilson
                                          Judicial Assistant